FILED 03 JUN '11 14:19 USDC-ORE

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

ROBERT C. CARTER II and BECKY L. CARTER, husband and wife,

        Plaintiffs,

v.

RECONSTRUCT COMPANY, N.A.; BAC HOME LOANS SERVICING, L.P., a limited partnership, aka Bank of America Home Loans; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a corporation

        Defendants.

11-CV-6043-TC

FINDINGS and RECOMMENDATION

COFFIN, Magistrate Judge:

Pro se plaintiffs filed this action in Deschutes County Circuit Court and defendants removed it to this court based on the diversity of the parties. Although the complaint is unclear[1], it appears that

---

[1] Defendants have filed a motion (#10) for judicial notice or incorporation by reference. As plaintiff does not appear to oppose the motion, and for the reasons stated in it, including the fact that it clarifies the complaint, the motion is allowed.

Page 1 - FINDINGS and RECOMMENDATION

plaintiffs obtained a loan on a property in Bend and later stopped making payments on the loan so they could get a loan modification and that they did so based on alleged verbal representations of Bank of America. Plaintiffs desire monetary damages on various state claims and a declaration that the ultimate foreclosure on the property is invalid, that a deed recorded on the property is null and void, and that they are the fee simple owners of the property.

Presently before the court is defendants' motion (#7) to dismiss.

## STANDARDS

The Federal Rules of Civil Procedure provide for dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12 (b)(6). In considering a motion to dismiss made pursuant to 12(b)(6), the court views well pleaded factual allegations as true, but also requires the complaint to contain enough facts to state a claim that is plausible on its face. Bell Atlantic v. Twombly, 127 S.Ct. 1955 (2007) (concluding that prior review standard –affirming dismissal only when it appears beyond doubt that plaintiffs can prove "no set of facts" in support of their claim that would entitle them to relief – "has earned its retirement.")

The requirements for pleading a federal claim in federal court were recently set forth in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009):

> As the Court held in Twombly, 127 S.Ct. 1955, the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.... To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Id. at 1949.

Page 2 - FINDINGS and RECOMMENDATION

## DISCUSSION

After this court ordered plaintiffs to show cause why the motion to dismiss should not be allowed, plaintiffs filed an opposition seeking to amend to clarify their claims and name different or additional parties. (Defendants contended that necessary parties were not named, that improper parties were named and that the claims were unclear.) As such, defendants' motion to dismiss should be allowed to the extent plaintiffs' complaint and the defendants should be dismissed without prejudice to plaintiffs to file an amended complaint if they carefully consider defendants' motion in doing so and consider that several bases of the motion, including the statute of frauds argument, appear to be well taken. A failure to amend the complaint in 20 days shall result in the dismissal of this action for failure to prosecute.

## CONCLUSION

Defendants' motion(#10) for judicial notice or incorporation by reference is allowed. Defendants' motion (#7) to dismiss should be allowed to the extent plaintiffs' complaint and the defendants should be dismissed without prejudice to plaintiff to file an amended complaint within 20 days as set forth in more detail above. A failure to amend the complaint in 20 days shall result in the dismissal of this action for failure to prosecute.

DATED this 3 day of June, 2011.

_____
THOMAS M. COFFIN
United States Magistrate Judge

Page 3 - FINDINGS and RECOMMENDATION